Mark L. EDWARDS, Petitioner–Appellant,

v.

Gary SWARTHOUT, Warden, Respondent–Appellee.

No. 12–16541.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2013.

Filed Jan. 17, 2014.

Walter K. Pyle, Berkeley, CA, for Petitioner–Appellant.

Joan Killeen, Deputy Attorney General, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: TROTT and MURGUIA, Circuit Judges, and EZRA, District Judge.*

MEMORANDUM **

California state prisoner Mark L. Edwards appeals from the district court's denial of his petition for a writ of habeas corpus and argues that the state court's decision affirming his conviction was "contrary to" federal law. *See* 28 U.S.C. § 2254(d)(1). We affirm.

Edwards first asserts that the phrase "great bodily injury" as used in his sentence enhancement is unconstitutionally vague. Edwards's contention is without merit. As the California Court of Appeals properly found, the phrase "great bodily injury" has a well-settled, common-law meaning and is therefore not void for vagueness. *See Panther v. Hames,* 991 F.2d 576, 578 (9th Cir.1993) ("When a term has a well-settled common law meaning, it will not violate due process 'notwithstanding an element of degree in the definition as to which estimates might differ.'" (quoting *Connally v. Gen. Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926))); *see also Butler v. O'Brien,* 663 F.3d 514, 521 (1st Cir.2011) (holding that the common usage of the phrase "serious bodily injury" afforded sufficient clarity to comport with due process).

Edwards next argues that the three-year sentencing enhancements he received

---

* The Honorable David A. Ezra, District Judge for the U.S. District Court for the Western District of Texas, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for personally inflicting serious bodily injury constituted double jeopardy. We disagree. The California appellate court properly concluded that sentencing enhancements are not "multiple punishments" within the meaning of the double jeopardy prohibition. *See Monge v. California,* 524 U.S. 721, 728, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998); *Witte v. United States,* 515 U.S. 389, 397, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.